NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSITA M. CHARLES, | No. 17-17258 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-08188-SPL |
| v. | |
| OFFICE OF NAVAJO & HOPI INDIAN RELOCATION, an Administrative Agency of the United States, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted May 17, 2019
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BATTAGLIA,** District Judge.

The Office of Navajo & Hopi Indian Relocation ("ONHIR") appeals the

district court's grant of summary judgment to Rosita M. Charles ("R. Charles")

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

reversing the ONHIR's denial of the application for relocation benefits and remanding the case to the ONHIR for an award of relocation assistance benefits. We review de novo the district court's grant of summary judgment. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017). We review the ONHIR's decision to determine if it was "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2). We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's grant of summary judgment and affirm the ONHIR's denial of relocation assistance benefits.

The "substantial and recurring contacts" standard applied by the district court is no longer the correct standard under current regulations. The correct standard is "intent to reside combined with manifestations of that intent." 49 Fed. Reg. 22,277.

Under the correct standard, the ONHIR's determination to deny benefits to R. Charles was supported by substantial evidence. It is undisputed that R. Charles became a head of household in 1983. In 1983, R. Charles joined the Many Farms Chapter. R. Charles testified that she continued to visit her aunt's residence in Teesto. However, the ONHIR reasonably relied upon R. Charles' voluntary decision to join the Many Farms Chapter at the time she became a head of household. The ONHIR concluded that R. Charles failed to meet her burden of proving that, once she became a head of household, she was a "legal resident" of Teesto, which was

designated Hopi Partitioned Land.  25 C.F.R. §§ 700.97(a), 700.147(b).  In light of the substantial deference afforded to such agency determinations, we observe no reversible error in the ONHIR's conclusion.

**REVERSED AND REMANDED FOR THE DISTRICT COURT TO AFFIRM THE ONHIR.**